1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JAMES ANTHONY SMITH,                        No.  2:15-cv-2534-EFB P

12                   Plaintiff,

13           v.                                   ORDER GRANTING IFP AND DISMISSING
                                                  COMPLAINT WITH LEAVE TO AMEND
14    SISKIYOU COUNTY JAIL, et al.,

15                   Defendants.

16

17           Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18    U.S.C. § 1983.  He seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19    **I.    Request to Proceed In Forma Pauperis**

20           Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

21    Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect

22    and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C.

23    § 1915(b)(1) and (2).

24    **II.    Screening Requirement and Standards**

25           Federal courts must engage in a preliminary screening of cases in which prisoners seek

26    redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

27    § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion

28    of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

                                               1

1    relief may be granted," or "seeks monetary relief from a defendant who is immune from such

2    relief." *Id.* § 1915A(b).

3         A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a)

4    of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and

5    plain statement of the claim showing that the pleader is entitled to relief, in order to give the

6    defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v.*

7    *Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

8    While the complaint must comply with the "short and plaint statement" requirements of Rule 8,

9    its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556

10   U.S. 662, 679 (2009).

11        To avoid dismissal for failure to state a claim a complaint must contain more than "naked

12   assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

13   action." *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of

14   a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at

15   678.

16        Furthermore, a claim upon which the court can grant relief must have facial plausibility.

17   *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

18   content that allows the court to draw the reasonable inference that the defendant is liable for the

19   misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a

20   claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v.*

21   *Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the

22   plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

23   **III.    Screening Order**

24        In the complaint (ECF No. 1), plaintiff names the Siskiyou County Jail, the Siskiyou

25   County Jail Medical Staff, and Lieutenant Houston as defendants.  Plaintiff alleges that another

26   inmate injured plaintiff's eye during a physical altercation.  Plaintiff received treatment for the

27   injury at a nearby hospital.  Upon his return to the Jail, his eye was reinjured.   Plaintiff alleges he

28   /////

2

1   is in pain and that despite his requests for medical care, his eye has still "not been fixed." He

2   claims that he has been in "real need of medical attention" for over 90 days.

3      Plaintiff fails to link defendant Houston to any violation of his federal rights. In addition,

4   plaintiff's naming of unnamed "medical staff" as defendants is problematic. Unknown persons

5   cannot be served with process until they are identified by their real names and the court will not

6   investigate the names and identities of unnamed defendants. Moreover, plaintiff does not identify

7   any claims for relief. Under the standards governing Eighth Amendment claims based on failure

8   to protect or to provide adequate medical care, discussed below, the allegations fail to state a

9   cognizable claim. To proceed, plaintiff must file an amended complaint.

10      To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal

11   constitutional or statutory right; and (2) that the violation was committed by a person acting under

12   the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d

13   930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the

14   facts establish the defendant's personal involvement in the constitutional deprivation or a causal

15   connection between the defendant's wrongful conduct and the alleged constitutional deprivation.

16   *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44

17   (9th Cir. 1978).

18      Moreover, a municipal entity or its departments is liable under section 1983 only if

19   plaintiff shows that his constitutional injury was caused by employees acting pursuant to the

20   municipality's policy or custom. *Mt. Healthy City Sch. Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274,

21   280 (1977); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Villegas v.*

22   *Gilroy Garlic Festival Ass'n*, 541 F.3d 950, 964 (9th Cir. 2008). Here, plaintiff fails to state a

23   claim against the Siskiyou County Jail because he has not sufficiently alleged that he was injured

24   as a result of employees acting pursuant to any policy or custom of the County. Local

25   government entities may not be held vicariously liable under section 1983 for the unconstitutional

26   acts of its employees under a theory of respondeat superior. *See Board of Cty. Comm'rs. v.*

27   *Brown*, 520 U.S. 397, 403 (1997).

28   /////

1    To succeed on an Eighth Amendment claim predicated on the denial of medical care, a

2    plaintiff must establish that he had a serious medical need and that the defendant's response to

3    that need was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see*

4    *also Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  A serious medical need exists if the failure to

5    treat the condition could result in further significant injury or the unnecessary and wanton

6    infliction of pain. *Jett*, 439 F.3d at 1096.  Deliberate indifference may be shown by the denial,

7    delay or intentional interference with medical treatment or by the way in which medical care is

8    provided. *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988).

9    To act with deliberate indifference, a prison official must both be aware of facts from

10   which the inference could be drawn that a substantial risk of serious harm exists, and he must also

11   draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Thus, a defendant is liable if

12   he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing

13   to take reasonable measures to abate it." *Id.* at 847.  A physician need not fail to treat an inmate

14   altogether in order to violate that inmate's Eighth Amendment rights. *Ortiz v. City of Imperial*,

15   884 F.2d 1312, 1314 (9th Cir. 1989).  A failure to competently treat a serious medical condition,

16   even if some treatment is prescribed, may constitute deliberate indifference in a particular case.

17   *Id.*

18   It is important to differentiate common law negligence claims of malpractice from claims

19   predicated on violations of the Eight Amendment's prohibition of cruel and unusual punishment.

20   In asserting the latter, "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not

21   support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir.

22   1980) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-106 (1976); *see also Toguchi v. Chung*, 391

23   F.3d 1051, 1057 (9th Cir. 2004).

24   Under the Eighth Amendment, "prison officials have a duty to protect prisoners from

25   violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal

26   quotation marks, ellipsis, and citation omitted).  However, "not . . . every injury suffered by one

27   prisoner at the hands of another . . . translates into constitutional liability for prison officials

28   responsible for the victim's safety." *Id.* at 834.  A prison official may be held liable for an assault

1 suffered by one inmate at the hands of another only where the assaulted inmate can show that the

2 injury is sufficiently serious, *id.* at 834 (citing *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)), and

3 that the prison official was deliberately indifferent to the risk of harm, *id.* at 837.  Thus, the

4 relevant inquiry is whether prison officials, "acting with deliberate indifference, exposed a

5 prisoner to a sufficiently substantial risk of serious damage to his future health." *Id.* at 834

6 (internal quotation omitted).

7       Plaintiff must allege the specific act or omission of each defendant that caused a violation

8 of his federal rights.  Plaintiff may not sue any official on the theory that the official is liable for

9 the unconstitutional conduct of his or her subordinates. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948

10 (2009).  Because respondeat superior liability is inapplicable to § 1983 suits, "a plaintiff must

11 plead that each Government-official defendant, through the official's own individual actions, has

12 violated the Constitution." *Id.*

13       To the extent plaintiff contends that any defendant provided inadequate medical care or

14 failed to protect him in violation of the Eighth Amendment, he must allege specific facts

15 demonstrating each defendant's personal involvement or personal participation.   Vague claims

16 against unnamed "staff" are not sufficient.

17       Plaintiff will be granted leave to file an amended complaint, if plaintiff can allege a

18 cognizable legal theory against a proper defendant and sufficient facts in support of that

19 cognizable legal theory. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

20 (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in

21 their complaints).  Should plaintiff choose to file an amended complaint, the amended complaint

22 shall clearly set forth the claims and allegations against each defendant.

23       Any amended complaint must not exceed the scope of this order and may not add new,

24 unrelated claims.  Further, any amended complaint must cure the deficiencies identified above

25 and also adhere to the following requirements:

26       Any amended complaint must identify as a defendant only persons who personally

27 participated in a substantial way in depriving him of a federal constitutional right. *Johnson v.*

28 *Duffy*, 588 F.2d 740, 743  (9th Cir. 1978) (a person subjects another to the deprivation of a

1  constitutional right if he does an act, participates in another's act or omits to perform an act he is

2  legally required to do that causes the alleged deprivation).   It must also contain a caption

3  including the names of all defendants.  Fed. R. Civ. P. 10(a).

4       Any amended complaint must be written or typed so that it so that it is complete in itself

5  without reference to any earlier filed complaint.  L.R. 220.  This is because an amended

6  complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the

7  earlier filed complaint no longer serves any function in the case.  *See Forsyth v. Humana*, 114

8  F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

9  being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.

10  1967)).

11       Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil

12  Procedure, this court's Local Rules, or any court order may result in this action being dismissed.

13  *See* E.D. Cal. Local Rule 110.

14  **IV.**    **Summary of Order**

15       Accordingly, IT IS HEREBY ORDERED that:

16       1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

17       2.  Plaintiff shall pay the statutory filing fee of $350.  All payments shall be collected in

18  accordance with the notice to the California Department of Corrections filed concurrently

19  herewith.

20       3.  The complaint is dismissed with leave to amend within 30 days.  The amended

21  complaint must bear the docket number assigned to this case and be titled "First Amended

22  Complaint."  Failure to comply with this order will result in this action being dismissed for failure

23  to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will

24  proceed with service of process by the United States Marshal.

25  Dated:  March 22, 2017.

26

27                EDMUND F. BRENNAN
              UNITED STATES MAGISTRATE JUDGE

28