UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY SMITH,<br><br>Plaintiff,<br><br>v.<br><br>SISKIYOU COUNTY JAIL, et al.,<br><br>Defendants. | No. 2:15-cv-2534-EFB P<br><br>ORDER SCREENING AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint which must now be screened.[2] ECF Nos. 16. Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

[2] Plaintiff also filed a request for an extension of time to file an amended complaint. ECF No. 15. That request is granted and the amended complaint is deemed timely filed.

1

Plaintiff alleges that he was viciously attacked by another inmate at the Siskiyou County Jail on November 25, 2014. He claims to have suffered a severely painful and very visible injury to his right eye and right side of his face. Following the attack, defendant Miller, a deputy sheriff, transported plaintiff to a nearby hospital for a pre-surgery assessment of plaintiff's injuries. Medical staff allegedly told Miller that plaintiff needed to be immediately transported to a regional trauma center for emergency surgery. Miller, allegedly acting pursuant to the County's policies and customs, chose to return plaintiff to the jail instead. According to plaintiff, Miller "chose to ignore an obvious condition, failed to provide the prescribed treatment for the diagnosed condition, delayed that treatment, and made a medical decision not to immediately transport Plaintiff to the trauma center based on non-medical factors (policies and customs)." ECF No. 16, ¶ 14. Eventually, however, the "trauma center surgeons placed a stint in Plaintiff's tear duct, a drain tube in his nose, and performed plastic surgery on the injured area." *Id.* ¶ 8. Plaintiff labels his claim against Miller and the County as one of "deliberate indifference." *Id.* ¶ 1. Delays in medical treatment, however, do not constitute deliberate indifference in violation of the Eighth Amendment unless the delay led to further injury. *Hallett v. Morgan*, 296 F.3d 732, 746 (9th Cir. 2002). Here, plaintiff does not allege how much time had elapsed before he was eventually treated at the trauma center or how he was harmed by such delay. However, plaintiff will be afforded an opportunity to file a second amended complaint to cure that deficiency, if he can.

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

/////

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Accordingly, IT IS HEREBY ORDERED that: (1) plaintiff's request for an extension of time to file an amended complaint (ECF No. 15) is granted and the amended complaint (ECF No. 16) is deemed timely filed; and (2) the amended complaint (ECF No. 16) is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to comply with this order may result in the dismissal of this action. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

DATED: October 11, 2017.

　　　　　　　　　　　　　　　/s/ Edmund F. Brennan
　　　　　　　　　　　　　　　EDMUND F. BRENNAN
　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE