UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ANTHONY SMITH,<br><br>    Plaintiff,<br><br>    v.<br><br>SISKIYOU COUNTY JAIL, et al.,<br><br>    Defendants. | No. 2:15-cv-2534-TLN-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This case proceeds on plaintiff's first amended complaint against defendant Miller on an Eighth Amendment deliberate indifference to medical needs claim. *See* ECF Nos. 16, 35, 40. On March 11, 2020, defendant Miller, the sole defendant in this action, filed a motion to dismiss for failure join an indispensable party pursuant to Federal Rule of Civil Procedure 12(b)(7). ECF No. 45. On April 30, 2020, plaintiff responded to that motion by filing a motion to amend his complaint. ECF No. 51. That motion was not accompanied by a proposed second amended complaint. Defendant did not oppose or otherwise respond to plaintiff's motion to amend. Subsequently, plaintiff filed opposition to the motion to dismiss. ECF No. 52.

/////

/////

1

1    Because the motion to amend was filed more than 21 days after defendant moved to
2 dismiss, plaintiff may only amend his complaint with defendant's consent or leave of court.  Fed.
3 R. Civ. P. 15(a).  Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so
4 requires," and the Ninth Circuit has directed courts to apply this policy with "extreme liberality."
5 *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether
6 to grant leave to amend under Rule 15(a)(2), a court should consider the following factors: (1)
7 undue delay, (2) bad faith, (3) futility of amendment, and (4) prejudice to the opposing party.
8 *Foman v. Davis*, 371 U.S. 178, 182 (1962).  According to the Ninth Circuit, "the crucial factor is
9 the resulting prejudice to the opposing party," and the burden of showing that prejudice is on the
10 party opposing amendment.  *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973);
11 *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *DCD Programs*,
12 833 F.2d at 187.  Granting or denying leave to amend rests in the sound discretion of the trial
13 court and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d
14 339, 343 (9th Cir. 1996).

15    Here, there is no indication that plaintiff, who is appearing pro se, unduly delayed in
16 requesting leave to amend or that his request was in bad faith.  Rather, plaintiff's motion to
17 amend seeks to name two additional defendants.  ECF No. 51 at 3.  One of the proposed
18 defendants is Captain Jeff Huston, an individual identified by defendant Miller's motion to
19 dismiss as an "indispensable party" to this action.[1]  *See* ECF No. 45.  Further, the court cannot
20 find at this time that amendment would be futile and defendant Miller has not opposed the
21 amendment or otherwise shown that it will prejudice him.  Accordingly, plaintiff motion to
22 amend the complaint is granted and defendant's motion to dismiss is denied as moot.  *See Forsyth*
23 *v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) (An "amended complaint supersedes the
24 original, the latter being treated thereafter as non-existent."); *Ramirez v. Silgan Containers*, 2007
25 WL 1241829, at *6 (Apr. 26, 2007) (granting motion to amend and denying motion to dismiss
26 prior compliant as moot).

---

[1] The court expresses no opinion as to the merits of this argument.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion for leave to amend the complaint (ECF No. 51) is GRANTED.
2. Plaintiff shall file a second amended complaint within 30 days from the date of service of this order. Thereafter, the court will screen the second amended complaint as required by 28 U.S.C. § 1915A. Plaintiff's failure to comply with this order may result in a recommendation of dismissal.
3. Defendant's motion to dismiss (ECF No. 45) is DENIED as moot.

DATED: July 31, 2020.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE