| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JAMES ANTHONY SMITH, | | Case No. 2:15-cv-02534-TLN-JDP (PC) |
| Plaintiff, | | SCREENING ORDER THAT PLAINTIFF: |
| v. | | (1) FILE A THIRD AMENDED COMPLAINT; OR |
| SISKIYOU COUNTY JAIL, *et al.*, | | (2) NOTIFY THE COURT THAT HE WISHES TO STAND BY HIS SECOND AMENDED COMPLAINT, SUBJECT TO DISMISSAL OF CLAIMS AND DEFENDANTS |
| Defendants. | | |
| | | ECF No. 55 |
| | | ORDER DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT |
| | | ECF No. 56 |

The court previously dismissed plaintiff's first amended complaint—which alleged claims against the Siskiyou County Jail and Deputy Sheriff Miller—and entered judgment accordingly. ECF Nos. 17, 27, 28. On appeal, the U.S. Court of Appeals for the Ninth Circuit affirmed the dismissal of plaintiff's claims against Siskiyou County Jail, reversed the dismissal of his Eighth Amendment claim against Miller, and remanded the case to this court. ECF No. 35.

1

On remand, defendant Miller filed a motion to dismiss the first amended complaint.[1] ECF No. 45. In response, plaintiff filed a motion to amend the complaint. ECF No. 51. The previously assigned magistrate judge granted plaintiff's motion, directed him to file a second amended complaint within thirty days, and denied the motion to dismiss as moot. ECF No. 54. The parties were also notified that after the second amended complaint was filed, the court would screen it as required by 28 U.S.C. § 1915A. *Id.* at 2.

Plaintiff subsequently filed a second amended complaint, ECF No. 55, which is before the court for screening. Also pending is a motion to dismiss, which is purportedly brought on behalf of defendants Miller, Siskiyou County Jail, and Jeff Huston. Plaintiff's second amended complaint contains no allegations and therefore cannot proceed past screening. I will give him a final chance to amend his complaint before I recommend that this action be dismissed. I will deny the pending motion to dismiss as moot.[2]

## Screening and Pleading Requirements

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from suit. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

---

[1] That motion was purportedly brought on behalf of defendants Miller and Siskiyou County Jail, notwithstanding the Ninth Circuit's order affirming the dismissal of the claims against the latter defendant. ECF No. 45.

[2] The motion to dismiss appears to be directed at plaintiff's first amended complaint, *see* ECF No. 56, but that complaint was nullified when plaintiff filed his second amended complaint. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (holding that an "'amended complaint supersedes the original, the latter being treated thereafter as non-existent'") (overruled in part on other grounds by *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012)). Separately, defense counsel takes the position that plaintiff has filed another action in this district based on the factual circumstances at issue in the instant case. *See* ECF No. 56-1 at 11 (arguing that "[f]or over five years this court has allowed this plaintiff to maintain two separate actions for the same alleged constitutional violation"). Given this view, defense counsel may have responsibilities under Local Rule 123. *See* E.D. Cal. L.R. 123(b) (requiring "[c]ounsel who has reason to believe that an action on file . . . may be related to another action on file (whether or not dismissed or otherwise terminated) shall promptly file in each action and serve on all parties in each action a Notice of Related Cases").

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff's second amended complaint, which consists of a single paragraph, merely asks the court to add Jeff Huston as defendant. ECF No. It contains neither factual allegations nor a specific claim against Huston or any other defendant. Presumably, plaintiff seeks to incorporate the allegations and claims in his earlier complaint. That practice, however, is not permitted. The operative complaint must stand on its own, and cannot rely on statements in a prior complaint to supply the necessary allegations. *Forsyth*, 114 F.3d at 1474. Consequently, plaintiff's second amended complaint fails to state a claim.

I will give plaintiff one more opportunity to amend his complaint before recommending dismissal. If plaintiff decides to file an amended complaint, the amended complaint will supersede the current complaint. *See Lacey v. Maricopa County*, 693 F. 3d 896, 907 n.1 (9th Cir.

3

2012) (en banc). This means that the amended complaint will need to be complete on its face without reference to the prior pleading. *See* E.D. Cal. Local Rule 220. Once an amended complaint is filed, the current complaint no longer serves any function. Therefore, in an amended complaint, as in an original complaint, plaintiff will need to assert each claim and allege each defendant's involvement in sufficient detail. The amended complaint should be titled "Third Amended Complaint" and refer to the appropriate case number. If plaintiff does not file an amended complaint, I will recommend that this action be dismissed.

Accordingly, it is ORDERED that:

1. Defendants' motion to dismiss, ECF No. 56, is denied as moot.

2. Within sixty days from the service of this order, plaintiff must either file a third amended complaint or advise the court he wishes stand by his current complaint.

3. If plaintiff decides to stand by his current complaint, I will recommend that this action be dismissed.

4. If plaintiff elects to file a third amended complaint, I will screen the amended complaint as required by 28 U.S.C. § 1915A. Defendants shall not file a response to any amended complaint until after it has been screened by the court.

5. Failure to comply with this order may result in the imposition of sanctions, including dismissal of this action.

6. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:   August 17, 2021

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE